UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        CASE NO.:  00-6293-CR-FERGUSON
Plaintiff,

v.

GARY WILLIAMS,

Defendant.

_____/

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

Defendant, GARY WILLIAMS, through counsel, hereby files his motion for downward departure at sentencing and states as follows:

**MOTION FOR DOWNWARD DEPARTURE
BASED UPON POST-ARREST PRE-SENTENCE
RECOVERY FROM ADDICTION TO NARCOTICS**

Defendant moves this Honorable Court for a downward departure from the guideline range established at sentencing pursuant to section 5K2.0 of the sentencing guidelines and as grounds therefor states as follows:

Defendant is a ninteeen year old, black male who has pleaded guilty to possession with intent to distribute crack cocaine.  This, unfortuneatly, is not the Defendant's first contact with the criminal justice system as a result of his involvement with illegal drugs.  In October of 1999, Defendant was arrested for possession of crack cocaine.  Defendant was on probation for that offense when he committed the offense for which he now stands before the Court for sentencing.

Predictably, Defendant's first involvement with illegal drugs did not occur in October



of 1999, the day he was arrested in his prior case. Defendant has admitted in the presentence investigation that he began smoking marijuana at age 15. Presentence Report at para. 64. Defendnat began to use cocaine at the age of 16. Id. at para. 65. Defendant freely admits that he has a drug and alcohol problem and sold drugs to support this habit. Id. at paras. 65, 66.

Defendant has been attending a six month intensive residential treatment program at the Turning Point Bridge, Pompano Beach, Florida since April 5, 2001. Id. at para. 66. Defendant has been progressing in the program and his State probation officer, Kathy Norton, has noted that Defendant is doing well in the program. Id. at 50. Defendant has come to realization that his life with illegal drugs is a dead-end street. He knows that he can offer so much more to society as a productive individual and that drugs have no part in it.

Defendant's remarkable efforts at recovery from his prolonged addiction to narcotics is a circumstance for which a downward departure from the applicable guideline range is appropriate. This case fits the established criteria for such departure. Further, the Sentencing Commission has specifically encouraged departures in cases such as the Defendant's.

In United States v. Rivera, 994 F.2d 942 (1st Cir. 1993), then Chief Judge Breyer, one of the original members of the Sentencing Commission, clarified the concept of departures under the sentencing guidelines. Judge Breyer noted that cases that are unusual or outside the heartland of the guidelines are good candidates for departure, as well as cases in which the commission has specifically encouraged departures in Chapter 5 of the guidelines:

> The introduction to the guidelines (which the commission calls a "policy Statement") makes an important distinction between a "heartland case" and an "unusual case." The Introduction says that the commission intends the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. Ch. I, Pt. A, intro. Comment. (4)(b). The Introduction goes on to say that when a court finds an atypical case, one to which a particular guideline linguistically applies, but where conduct significantly differs from the norm, the court may consider whether a departure is warranted. The Introduction further adds that, with a few stated exceptions, the commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines, that could constitute grounds for departure in an unusual case.
>
> The introduction thus makes clear that (with a few exceptions) a case that falls outside the linguistically applicable guideline's "heartland" is a candidate for departure. It is, by definition, an "unusual case." And, the sentencing court may then go on to consider, in light of the sentencing system's purpose, see 18 U.S.C. 3553(a), (and the guidelines themselves) whether or not the "unusual" features of the case justify departure.

994 F.2d at 949.

In <u>Koon vs. United</u> States, 518 U.S. 81 (1996), the Supreme Court approved the

<u>Rivera</u> analysis and upheld departures granted by the trial court, noting:

> The goal of the Sentencing Guidelines is, of course, to reduce unjustified disparities and so reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice. In this respect, the Guidelines provide uniformity, predictability, and a degree of detachment lacking in our earlier system. This too must be remembered, however. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge.

518 U.S. at 113.

As the District Court stated in <u>United States v. Baron</u>, 914 F.Supp 660, 665 (D. Mass; 1995):

> The best policy considerations can be unnecessarily cruel when applied rigidly and without exception to individual human beings . . .. Some

of 1999, the day he was arrested in his prior case. Defendant has admitted in the presentence investigation that he began smoking marijuana at age 15. Presentence Report at para. 64. Defendant began to use cocaine at the age of 16. Id. at para. 65. Defendant freely admits that he has a drug and alcohol problem and sold drugs to support this habit. Id. at paras. 65, 66.

Defendant has been attending a six month intensive residential treatment program at the Turning Point Bridge, Pompano Beach, Florida since April 5, 2001. Id. at para. 66. Defendant has been progressing in the program and his State probation officer, Kathy Norton, has noted that Defendant is doing well in the program. Id. at 50. Defendant has come to realization that his life with illegal drugs is a dead-end street. He knows that he can offer so much more to society as a drug-free and productive individual.

Defendant's remarkable efforts at recovery from his prolonged addiction to narcotics is a circumstance for which a downward departure from the applicable guideline range is appropriate. This case fits the established criteria for such departure. Further, the Sentencing Commission has specifically encouraged departures in cases such as the Defendant's.

In United States v. Rivera, 994 F.2d 942 (1st Cir. 1993), then Chief Judge Breyer, one of the original members of the Sentencing Commission, clarified the concept of departures under the sentencing guidelines. Judge Breyer noted that cases that are unusual or outside the heartland of the guidelines are good candidates for departure, as well as cases in which the commission has specifically encouraged departures in Chapter 5 of the guidelines:

[offenders] would be destroyed by a term in prison. There are defendants for whom prison incarceration makes no sense.

(citations omitted).

In <u>United States v. Williams</u>, 948 F.2d 706 (11th Cir. 1991), the Eleventh Circuit held that post arrest presentence recovery from addiction may serve as a basis for a downward departure. The court went further to state that recoveries predicated on court-ordered treatment (such as Defendant's herein) do not preclude departure. <u>Id.</u> at 711 n.7. The court held that the salient question is the degree of recovery achieved. <u>Id.</u> The court also stated that the recovery must exceed the degree contemplated under section 3E1.1 (acceptance of responsibility).

Defendant submits that his recovery is exceptional given the multiple addictions from which he has suffered since his early teens. Defendant has not tested positive while in the program which, it should be noted, is located in an area of Pompano Beach where drugs are readily available should one desire them. Thus, Defendant's recovery goes beyond mere acceptance of responsibility, which was awarded to Defendant based upon his written statement acknowledging his guilt in the offense and his remorse for the burden he has placed upon others for his wrongful conduct. Defendant should thus be awarded a sentencing reduction beyond acceptance of responsibility and this motion should be granted.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant the relief requested herein.

> Respectfully submitted,
>
> ENTIN, MARGULES & DELLA FERA, P.A.
> 200 East Broward Boulevard
> Suite 1210

Fort Lauderdale, Florida 33301
Telephone: (954) 761-7201
Facsimile: (954) 767-8343

By: _____
RICHARD DELLA FERA
Fla. Bar No. 066710

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing Motion was sent via U.S. Mail on August 2, 2001 to Bruce Brown, Esquire, Assistant United States Attorney, 500 E. Broward Blvd., Seventh Floor, Fort Lauderdale, FL 33301 and Tracey Webb, United States Probation Officer, 299 E. Broward Blvd., Room 409, Fort Lauderdale, FL 33301-1865.