UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6293-CR-HUCK
(MAGISTRATE JUDGE KLEIN)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GARY WILLIAMS,

    Defendant.
_____/



### ORDER DIRECTING DEFENDANT/SUPERVISED RELEASEE'S DETENTION PENDING REVOCATION HEARING

On June 4, 2004, defendant/supervised releasee GARY WILLIAMS (hereinafter referred to as the "defendant"), appeared before this Court for initial appearance in relation to his arrest upon a warrant issued by the Hon. Paul C. Huck, United States District Judge for the Southern District of Florida. The subject warrant arose as a consequence of a previously submitted Petition for Warrant for Offender Under Supervision, in which the defendant's federal probation officer had alleged that the defendant: (a) failed to submit to drug testing (required as a mandatory condition of his supervised release) on five separate occasions during the months of March through April, 2004; (b) failed to follow certain standard conditions of supervised release requiring that the defendant report to the U.S. Probation Office every Monday and submit job search logs; (c) failed to maintain full-time, legitimate employment for a term of more than thirty days (required as a special condition of his supervised release); and (d) failed to participate in an



approved drug treatment program, another special condition of his supervised release, as evidenced by his failure to attend scheduled appointments.

During the course of his June 4, 2004 initial appearance hearing, this Court, in accordance with Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a), conducted a hearing to determine whether the defendant should be released from custody pending his eventual supervised release revocation hearing concerning the defendant's alleged noncompliance with the terms of his supervised release. For reasons which are summarized below, this Court finds that the defendant has not met his burden of establishing by "clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person or the community if released under [Title 18, United States Code] Section 3142(b) or (c)." *See* 18 U.S.C. § 3143(a) (further mandating that an individual in custody pending a supervised release revocation determination shall be treated as though having been found guilty of an offense and awaiting imposition of sentence.) Moreover, as Section 3143(a) and Fed. R. Crim. P. 32.1(a)(6) explicitly state, the burden of proof with regard to this inquiry rests squarely with the defendant.

During the course of the June 4, 2004 hearing, the Court was advised by Probation Officer Diane Acquaviva that the defendant is a repeat violator with regard to the same supervised release term that has given rise to these most recent proceedings. Specifically, as called to the Court's attention by Ms. Acquaviva, the defendant previously appeared before Judge Huck on October 2, 2003 for a final revocation hearing in relation to a previous Petition filed by the U.S. Probation Department. On that occasion, the defendant was sentenced to four months custody followed by supervised release of thirty-two months. Upon the defendant's release from prison with regard to this earlier supervised release revocation, the defendant was placed under

2

Ms. Acquaviva's supervision. Since that time, according to Ms. Acquaviva's statements before the Court, the defendant has disregarded virtually every condition of probation which required his appearance, in addition to disregarding numerous supervised release conditions and instructions from U.S. Probation.

In addition to the above, it also was called to the Court's attention by Ms. Acquaviva that the defendant, with the complicity of certain family members, attempted to prevent his apprehension with regard to the subject supervised release revocation warrant. Specifically, upon their arrival at the defendant's residence, probation officers executing the warrant were repeatedly advised by these same family members that the defendant could not be located at that residence and that his whereabouts was unknown. Upon completion of a thorough search of the residence, however, the defendant was found hiding in an attic crawl space.

In light of the above factual findings, the Court concludes that the defendant has failed to establish to this Court's satisfaction, by clear and convincing evidence, that he is not likely to flee if granted release pending his revocation hearing. This is particularly true when one considers that the defendant has repeatedly failed to appear at locations specified by U.S. Probation in the past, even to the point of having his supervised release status revoked on one previous occasion. Moreover, the defendant's enlistment of his family members in a scheme to avoid detection, coupled with his own actions in concealing himself within his residence at the time of the execution of the subject arrest warrant, clearly establishes a propensity upon the part of the defendant to avoid the types of requirements that would normally be associated with court appearances and non-custodial pretrial release conditions which require personal reporting. It is therefore,

3

ORDERED AND ADJUDGED that the defendant GARY WILLIAMS, is to be held in detention pending resolution of the instant proceedings concerning his alleged noncompliance with the terms of his supervised release, which detention shall remain in effect until further Order of this Court or the District Court.

DONE AND ORDERED at Miami, Florida, this __1__ day of July, 2004.

THEODORE KLEIN
UNITED STATES MAGISTRATE JUDGE

cc: Faith Mesnekoff, Esq.
Assistant Federal Public Defender

Peter Outerbridge
Assistant U.S. Attorney